UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CR-00010-RLW-SPM |
| | ) | |
| ASIM MUHAMMAD ALI, M.D., and | ) | |
| MOHD AZFAR MALIK, M.D., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## UNITED STATES OF AMERICA'S OPPOSITION TO
## MOHD AZFAR MALIK, M.D.'S MOTION TO COMPEL *BRADY* MATERIAL

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Amy E. Sestric, Assistant United States Attorney for said District, and opposes Mohd Azfar Malik, M.D.'s Motion to Compel *Brady* Material (ECF No. 53):

## INTRODUCTION

In his Motion to Compel *Brady* Material, defendant Mohd Azfar Malik, M.D. (Malik) asks the Court to order the production of full interview reports of patients implicated by the Indictment. Malik's Motion to Compel should be denied because he already has all the information he seeks, which well exceeds the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

## STANDARD

Under *Brady*, the Government has "an affirmative duty to disclose evidence that is favorable to the accused and material to either guilt or punishment." *United States v. Heppner*, 519 F.3d 744, 750 (8th Cir. 2008). *Brady* "is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. McGinnist*, No. S2-4:18CR269 ERW/NCC,

2019 WL 9410161, at *11 (E.D. Mo. Dec. 18, 2019) (citing *United States v. Malone*, 49 F.3d 393, 396 n.4 (8th Cir. 1995)).

All *Brady* requires is that the Government provide sufficient information to allow the defense to further investigate. *Buie v. Phillips*, No. 03 Civ. 7965 (RMB), 2006 WL 2291013, at *2 (S.D.N.Y. Aug. 3, 2006). It also does not require disclosure far in advance of trial; rather, it is satisfied where disclosures are made "before it is too late for the defendant to make use of any benefits of the evidence." *McGinnist*, 2019 WL 9410161, at *11 (internal citations omitted). Further, *Brady* "does not require the prosecutor to divulge every possible shred of evidence that could conceivably benefit the defendant." *United States v. Hamilton*, 107 F.3d 499, 509 (7th Cir. 1997) (citing *Smith v. Secretary of New Mex. Dept. of Corrections*, 50 F.3d 801, 823 (10th Cir. 1995), *cert. denied*, 516 U.S. 905 (1995)).

## ARGUMENT

Malik's Motion to Compel should be denied because: he already has all *Brady* material and more; his implied complaints about the form and manner of disclosure have been rejected by courts across the country; and to require the Government to produce full interview reports would contravene well-established law and Congressional policy. The United States has taken an extremely broad view of what could arguably constitute discoverable favorable information in this matter, and has provided Malik with information more than adequate to satisfy the requirements of *Brady*.

### A. The United States Has Produced All Categories of Information that Malik Seeks, Exceeding *Brady*'s Requirements.

Shortly after this case was indicted, the United States voluntarily disclosed certain information to the defense. Included in that information were the identities of witnesses as well as summaries of things they stated that even remotely related to the notion that Malik had

supervisory involvement or interactions with the patients who had received ketamine or Spravato treatments from Malik's non-DEA-registered coconspirator, Asim Muhammad Ali, M.D. (Ali).

Nonetheless, Malik, through counsel, requested disclosure of full interview reports. The Government declined to produce full reports of interview but invited Malik to advise what additional categories of information he believed to be discoverable so that a compromise might be reached. Malik eventually advised that he sought information pertaining to any interactions between Malik and patients or Ali, including any statements that patients spoke to Malik or saw Malik speak to Ali. Malik also sought information pertaining to patients having a legitimate medical need for ketamine, such as whether the patients stated they were depressed or that the ketamine helped them.

The Government had already disclosed to defense information regarding interactions between Malik and patients or Ali, even though this broad category of information does not necessarily support that Malik was supervising Ali or physically present for Ali's intravenous ketamine infusions and Spravato treatments. As to information about the medical legitimacy of the ketamine, the Government agreed to provide disclosures even though, for reasons explained in the United States' Opposition to Malik's Drug Trafficking Motion (ECF No. 64-1), medical legitimacy is not a relevant issue or a defense in this case. Far from "grudgingly" and "stubbornly" producing "snippets" of information (Mot. to Compel *Brady* Material, ECF No. 53, at 2-4), the United States, in the interest of compromise, readily produced several single-spaced pages of information that fell in the categories Malik sought.

Nonetheless, Malik continued to request full interview reports. The Government indicated that it would not produce full reports but that it remained open to discussing any additional areas

of concern that Malik had and to compromise within reason.  Despite the Government's offer to continue the conversation, Malik filed his Motion to Compel.

Malik has everything that he has requested, which includes information arguably pertaining to the medical legitimacy of the controlled substances distributed by Ali, even though the Government vehemently disputes the relevance of this information.  (United States' Opp. to Malik's Drug Trafficking Mot., ECF No. 64-1, at 7-18.)  Because Malik has the information he requests in his Motion to Compel, and there is nothing left for the Government to disclose, his Motion to Compel should be denied.

**B. Malik's Insinuated Complaints About the Form of Disclosure Have Been Rejected by Courts Across the Country.**

Malik appears to complain about the form of disclosure, contending the Government merely produced "snippets" or "squibs" of interview reports.  Setting aside that the United States' disclosures have been in the form of detailed, lengthy synopses of witness statements that provided the witnesses' first and last names and more than enough information to enable Malik to make use of the disclosures as he chose, Malik cites no authority for his apparent argument that he is entitled to entire interview reports at this pretrial motion stage of litigation.

As courts have concluded time and time again, there is no requirement that *Brady* disclosures take any one particular form or manner.  *United States v. Hernandez-Muiz*, 170 F.3d 1007, 1011 (10th Cir. 1999) (rejecting *Brady* complaint that statement should have been produced in discovery rather than at preliminary hearing because "due process does not necessarily require disclosure in a specific form or manner").

In fact, courts have found *Brady* disclosures sufficient regardless of the form they take. *See Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012) ("The memo disclosed enough of the conversation with Ms. Prater to put counsel for Mr. Hooks on notice that favorable and possibly

material evidence was available."); *United States v. Henderson*, 250 Fed, App'x 34, 38-39 (5th Cir. 2007) (no *Brady* violation where relevant information in email from agent to AUSA was disclosed in letter to defense); *United States v. Herman*, Nos. 22-8057 & 22-8061, 2023 WL 6861766, at *5 (10th Cir. Oct. 18, 2023) (rejecting argument that co-defendant's guilty-plea proffer was insufficiently disclosed because it was made available at United States Attorney's Office for review and because "*Brady* does not require the government to disclose information in a particular form or manner"); *Allen v. Minnesota Dept. of Corrections*, No. 13-CV-62 DSD/TNL, 2014 WL 25452, at *5 (D. Minn. Jan. 2, 2014) (denying petition for habeas corpus and finding state appellate court correctly concluded that because petitioner had received a summary of an exculpatory interview, the evidence had been sufficiently disclosed under *Brady*); *United States v. Mavashev*, No. 08–CR–902 (DLI)(MDG), 2010 WL 670083, at *1-*3 (E.D.N.Y. Feb. 23, 2010) (where government disclosed to defendant the names of potentially exculpatory witnesses, defendants' demand for actual witness statements, claiming they were uncooperative, was rejected, as defendants could subpoena the witnesses to testify at trial); *Rivera v. United States*, 494 F. Supp. 2d 383 (E.D. Va. 2007) (United States did not violate *Brady* where it disclosed to defendant's counsel the information relating to a government witness' mental health and criminal history contained in the documents the defendant claimed were withheld); *United States v. Peitz*, No. 01 CR 852, 2002 WL 31101681, at *8 (N.D. Ill. Sept. 20, 2002) (while prosecution must disclose "any additional information [in SEC Action Memorandum] that points to evidence favorable to any defendant," "[i]t is not obligated to disclose the document itself except those portions that are favorable to defendants and admissible under Fed. R. Evid. 803(8).").

**C. The Court Should Decline to Grant Malik's Request, Which Fundamentally Seeks Early Jencks Act Materials.**

The United States has produced all even arguable *Brady* information in its possession and then some.  It will continue to do so if and when it receives more such information.  As a result, what Malik now seeks is, in essence, Jencks Act material of possible Government witnesses that is not discoverable at this time.  *United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998) ("The Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.").

The United States has conferred with Malik in good faith at every step of the way.  It has left the door open to hear what additional concerns Malik may have that might be amenable to compromise.  Instead of responding with any degree of specificity, Malik moved to compel entire interview reports, which he began requesting from the Government even before he ever viewed its disclosures.  The entire interview reports Malik seeks amount to protected statements under the Jencks Act.   The Jencks Act, in turn, aims to protect the Government from "unwarranted intrusions" into its files and, more importantly, witnesses from threats, harassment, and pressure to commit perjury.  *United States v. Coppa*, 267 F.3d 132, 138 (2d Cir. 2001) (the Jencks Act was designed to avoid risks of witness intimidation); *United States v. Isgro*, 974 F.2d 1091, 1095 (9th Cir. 1992) (the Jencks Act protects against "unwarranted intrusions" into government files); *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988) (vacating order requiring government to disclose any and all impeachment evidence which tended to negate guilt, because, *inter alia*, an "important function of the Jencks Act . . . [is] the protection of potential government witnesses from threats of harm or other intimidation before the witnesses testify at trial"); *United States v.*

*Walk*, 533 F.2d 417, 419 (9th Cir. 1975) ("In enacting the Jencks Act, Congress sought to protect government files against unwarranted intrusions . . . .  This protection of government files is necessary to protect government witnesses from threats, bribery and perjury."); *United States v. Baker*, No. 09-20068-STA, 2013 WL 12156826, at *4 (W.D. Tenn. Jan. 11, 2013) (The Jencks Act was also "'intended to prevent criminal defendants from obtaining unlimited access to government files' and 'to protect government files by its restrictive definition of 'statements' and by limiting production to statements which relate to a witness' testimony.'" (quoting *Saunders v. United States*, 316 F.2d 346, 349 (D.C. Cir. 1963)).

The Court should decline to undermine these important policies and to permit any defendant with a purely speculative "hunch" to obtain full interview reports well in advance of trial even when the Government has made good faith efforts to make compromising disclosures. In short, in this case, the rules requiring the parties to confer and attempt to compromise their discovery disputes[1] worked exactly as they should; the parties conferred and the Government disclosed all requested information.  The Court should deny Malik's Motion to Compel what he already has.

<u>**CONCLUSION**</u>

WHEREFORE, the United States respectfully asks the Court to **DENY** Mohd Azfar Malik, M.D.'s Motion to Compel *Brady* Material (ECF No. 53) in its entirety.

<div style="margin-left:40%">

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Amy E. Sestric* .
AMY E. SESTRIC, #66219MO
Assistant United States Attorney

</div>

---

[1] E.D.Mo. L.R. 3.04.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all Counsel of Record.

/s/ Amy E. Sestric                          .
AMY E. SESTRIC, #66219MO
Assistant United States Attorney

8