UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CASE NO. 4:24-CR-00010 RLW/SPM

UNITED STATES OF AMERICA

vs.

MOHD AZFAR MALIK, M.D.
_____/

**REPLY IN SUPPORT OF DR. MALIK'S
MOTION TO COMPEL *BRADY* MATERIAL (DOC. 53)**

The Government's response in opposition to providing the requested *Brady* material relies on general arguments that do not apply here. It asserts that we are simply seeking early witness statements (or *Jencks* material), and that such a production would be an "unwarranted intrusion[]." Response at 6. It says that the motion should be denied because otherwise the witnesses would be subjected to "threats, harassment, and pressure to commit perjury." *Id*.

But Dr. Malik's motion does not seek material concerning witnesses that would raise any of these concerns.  Instead, these are Dr. Malik's patients who have been listed in the Indictment in substantive counts.  We know well who these patients are, but we do not want to harass them with further interviews and subject them to further distress.  These are patients who require the need of a psychiatrist and serious medical care, including ketamine treatments.  We do not want to continue to interview them about this case because it could affect their mental health.  Instead we seek the interview reports, not of every potential witness in the case, but only of the patients

listed in the Indictment, some of whom are still being treated by Dr. Malik. By requiring production, it will hopefully obviate the need for the defense to bother them with further interviews. They are already quite confused about what is going on as they believe Dr. Malik has treated them well and has helped them. Unfortunately, the Government has (unsuccessfully) attempted to poison these witnesses against Dr. Malik, a well-respected doctor in this community for the past 40 years.

The Government has not taken issue with the facts as we laid them out in our motion. Namely that these were (1) real patients, (2) actually treated by Dr. Malik or in Dr. Malik's practice, (3) who suffered from depression or other real psychological issues, (4) spoke to Dr. Malik or another doctor about their issues and their treatment plan, either in person or by phone or virtually; (5) who benefitted from the Ketamine infusions or esketamine nasal sprays, (6) during the infusions or sprays, saw the co-defendant or a nurse speak to Dr. Malik on the phone about the treatment, (7) did not (other than on a few occasions) complain about their treatment, and (8) only became agitated after the government contacted them.

The Government has not identified any harm or prejudice in disclosing these reports other than the general claim that it would be intrusive. But how so? We know the patients' names. We know their backgrounds (our client still treats them). Providing the reports will help, not hurt, these people. If the prosecution is being honest, the only reason it does not want to disclose the reports is for some sort of tactical advantage at trial. But Dr. Malik's life and reputation are on the line. This is not a time for gamesmanship.

Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street, PH1
Miami, Florida 33128
Tel: (305) 379-6667
markuslaw.com

By:  /s/ David Oscar Markus
David Oscar Markus
dmarkus@markuslaw.com

/s/ Lauren Field Krasnoff
Lauren Field Krasnoff
lkrasnoff@markuslaw.com