UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:24CR10-2 HEA(SPM) |
| | ) |
| MOHD AZFAR MAILK, M.D. (2), | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER
AND REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). This matter is before the Court on Defendant Mohd Azfar Malik, M.D.'s Motion to Dismiss the indictment (ECF No. 55) and Motion to Compel *Brady* Material (ECF No. 53), both of which are opposed by the United States. ECF Nos. 66 & 70.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On January 10, 2024, a federal grand jury returned an indictment charging Defendant Mohd Azfar Malik, M.D., and co-defendant Asim Muhammad Ali, M.D., with conspiracy to illegally distribute controlled substances in violation of 21 U.S.C. § 841(a)(1), and to maintain a drug-involved premises, in violation of 21 U.S.C. § 856(a)(2) (Count 1); illegal distribution of ketamine and esketamine, in violation of  21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 3-14); and maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(2) (Count 22). Defendants are also charged with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1347(a)(1) & (2) (Count 2) and seven counts of making false statements related to health care matters in violation of 18 U.S.C. §§ 1035 & 2 (Counts 15-21).

On August 5, 2024, the undersigned issued a Report and Recommendation related to Dr. Malik's Motion to Dismiss Drug Trafficking Counts in the Indictment (1, 3-14 and 22). ECF No. 86. This Report and Recommendation addresses Dr. Malik's remaining pretrial motions—Motion to Compel *Brady* Material and Motion to Dismiss the Indictment—which were filed on February 28, 2024. ECF Nos. 53 and 55. The United States filed its responses opposing the motions. ECF Nos. 66 and 70. With leave of court, Dr. Malik filed a Reply in further support of each motion. ECF No. 73 and 75. At the defendant's request, on May 22, 2024, the Court heard oral argument on the pending pretrial motions. Following the hearing, the Court ordered the preparation of a transcript to aid in the disposition of the pending pretrial motions. The hearing transcript was filed on June 12, 2024. ECF No. 85.

Based upon the written submissions of the parties, the arguments made at the time of the pretrial motion hearing, and the applicable law, the undersigned makes the following factual findings and conclusions of law.

I. **MOTION TO DISMISS THE INDICTMENT (ECF NO. 55)**

Dr. Malik moves, pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v), for dismissal of Count 2, conspiracy to commit health care fraud in violation of 18 U.S.C. § 1347(a)(1) & (2), and Counts 15-21, making false statements related to health care matters in violation of 18 U.S.C. §§ 1035 & 2 (Counts 15-21).[1] Motions to dismiss are, generally, governed by Rules 7 and 12 of the Federal

---

[1] Dr. Malik has also moved to dismiss certain of the drug trafficking counts in the indictment (Counts 1, 5, 6 and 22), on grounds that those counts fail to state an offense against him. Specifically, Malik contends, as a matter of law, the conduct alleged in the indictment does not amount to regulatory violations. *See* ECF No. 55, p. 1, 3-9. As noted, this Court has previously found, on separate grounds, that the drug trafficking counts in the indictment are defective and has recommended that Malik's motion to dismiss the drug trafficking counts be granted. ECF No. 86. As such, this report and recommendation does not consider or address any of Malik's arguments made, in the alternative, for dismissal of drug trafficking offenses asserted in Counts 1, 5, 6 and 22.

2

Rules of Criminal Procedure. Under Rule 12, "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). When there is a facial challenge to an indictment, the court must determine whether the indictment is legally sufficient. "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021) (cleaned up), *cert. denied*, 142 S. Ct. 817 (2022); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Leveke*, 38 F.4th 662, 669 (8th Cir. 2022) (quoting *Sholley-Gonzalez*). Indictments are not reviewed "in a hyper technical fashion and should be 'deemed sufficient unless no reasonable construction can be said to charge the offense.'" *United States v. O'Hagan*, 139 F.3d 641, 651 (8th Cir. 1998) (quoting *United States v. Morris*, 18 F.3d 562, 568 (8th Cir. 1994)). "Furthermore, '[a]n indictment is normally sufficient if its language tracks the statutory language.'" *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009) (quoting *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008)).

An indictment is insufficient on its face if a substantive essential element is omitted. *United States v. Zangger*, 848 F.2d 923, 925 (8th Cir. 1988). "If an essential element of the charge has been omitted from the indictment, the omission is not cured by the bare citation of the charging statute." *Zangger*, 848 F.2d at 925; *see also O'Hagan*, 139 F.3d at 651 (quoting *Zangger*). In reviewing the sufficiency of an indictment, the government's allegations are accepted as true, without reference to allegations outside the indicting document. *United States v. Farm & Home Savings Association*, 932 F.2d 1256, 1259, n.3 (8th Cir. 1991).

3

In this case, Count 2 of the indictment charges Dr. Malik with conspiring to commit health care fraud in violation of 18 U.S.C. §1347. Title 18 U.S.C. §1347(a)(1) & (2) provides:

> (a) Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice--
> (1) to defraud any health care benefit program; or
> (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program,
>
> in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 10 years, or both. If the violation results in serious bodily injury (as defined in section 1365 of this title), such person shall be fined under this title or imprisoned not more than 20 years, or both; and if the violation results in death, such person shall be fined under this title, or imprisoned for any term of years or for life, or both.

To convict a defendant of health care fraud under 18 U.S.C. § 1347(a), controlling law in the Eight Circuit requires that "the government must prove beyond a reasonable doubt that (1) the defendant knowingly executed a scheme to defraud Medicare or Medicaid, (2) with the intent to defraud, (3) in connection with payment for health care benefits or services, and (4) the Medicare Program and Medicaid Program are public health care plans, affecting commerce, under which health care benefits or services were provided to individuals. *United States v. Golding,* 972 F.3d 1002, 1006 (8th Cir. 2020); *see also* 18 U.S.C. § 1347(a). A defendant charged with conspiracy to commit healthcare fraud can be held criminally liable for any actions his alleged co-conspirator took in furtherance of the alleged conspiracy even if the defendant's conduct does not, itself, satisfy each of the four elements set out above. *See id.* at 1006-07 (citing *Pinkerton v. United States*, 328 U.S. 640, 647 (1946)).

Counts 15 through 21 charge Dr. Malik with making false statements in connection with five separate patient encounters identified in the indictment in violation of 18 U.S.C. §1035. Under 18 U.S.C. §1035,

4

(a) Whoever, in any matter involving a health care benefit program, knowingly and willfully--
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; or
> (2) makes any materially false, fictitious, or fraudulent statements or representations, or makes or uses any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry,

in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 5 years, or both.

The allegations in Counts 2 and 15 through 21 closely track the statutory language, contain the essential elements of the charged offenses, fairly inform Dr. Malik of the charges against which he must defend, and allege sufficient information to allow Dr. Malik to plead a conviction or acquittal as a bar to a subsequent prosecution. *See Sholley-Gonzalez*, 996 F.3d at 893.

Count 2 alleges in relevant part:

> 49. Beginning in or about December 2020, and continuing to at least in or about March 2023, in St. Louis, Missouri, in the Eastern District of Missouri and elsewhere, the defendants,
>
> ASIM MUHAMMAD ALI, M.D., and
> MOHD AZFAR MALIK, M.D.,
>
> knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to commit the following offenses: to knowingly and willfully execute a scheme and artifice to defraud the Medicare program, a health care benefit program as defined in 18 U.S.C. § 24(b), in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Sections 1347(a)(l), and to obtain, by means of false and fraudulent pretenses, representations, and promises, the money owned and under the custody and control of the Medicare program, a health care benefit program as defined in 18 U.S.C. § 24(b), in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Sections 1347(a)(2), all in violation of 1349.

ECF No. 2, ¶49.

Count 2 further alleges a conspiracy between "Dr. Malik and Dr. Ali, and others known and unknown to the Grand Jury," and alleges its purpose was "to commit health care fraud in order to make money, profit, and unjustly enrich themselves." *Id.,* ¶50. Count 2 of the indictment further describes the manner and means of the conspiracy. It alleges that beginning in or about December 2020, Dr. Malik and Dr. Ali agreed that Dr. Ali would perform certain services for Medicare beneficiaries who were patients of Dr. Malik's psychiatric clinic, Psych Care Consultants, L.L.C. (PCC); that Drs. Malik and Ali agreed that, in conducting these services, Dr. Ali would falsely use Dr. Malik's name and Medicare billing number, even though both Drs. Malik and Ali knew that Dr. Ali was not enrolled to provide Medicare services at PCC and that the services he provided were not reimbursable by Medicare; that, taking advantage of Dr. Malik's Medicare enrollment status, Drs. Malik and Ali caused Medicare to be fraudulently billed for Annual Wellness Visits and services related to Spravato treatments that were conducted by Dr. Ali but billed as if they had been conducted by Dr. Malik; and when Dr. Ali provided Annual Wellness Visits and Spravato services associated with treatments, he and Dr. Malik further agreed to conceal that Dr. Ali was the actual rendering provider by having Dr. Malik, not Dr. Ali, sign medical notes associated with the services. *Id.* ¶¶ 37, 49, 52, 53-55.

Counts 15 through 21 allege that on the dates specified in the indictment Dr. Malik and Dr. Ali "aided and abetted by, and aiding and abetting each other, and others known and unknown to the Grand Jury, knowingly and willfully made and used materially false writings and documents, knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items, and services involving the Medicare program, a health care benefit program as defined in 18 U.S.C. §24(b), in violation of 18 U.S.C. §1035, in that the defendants falsely stated and represented in claims for payment

that services were rendered by Dr. Malik when, in fact, they were rendered by Dr. Ali, whose services were not reimbursable by the Medicare program, when the defendants then and there well knew said statements and representations were false, fictitious and fraudulent." ECF No. 2, ¶61. Each count represents a separate patient encounter that was allegedly the subject of a materially false representation.

There is no dispute that Counts 2 and 15 through 21 of the indictment track the statutory language and are otherwise constitutionally sound in that those counts fairly inform Dr. Malik of the charges against which he must defend. Dr. Malik argues, instead, that Counts 2 and 15-19 must be dismissed "to the extent they are based on the theory that there were no circumstances under which [he] . . . could legally bill for Annual Wellness Visits performed by Dr. Ali." ECF No. 55, p. 10. Specifically, Dr. Malik argues that due to the Covid 19 pandemic, governing regulations at the time of the alleged conduct permitted Dr. Ali to perform Annual Wellness Visits when Dr. Malik was not physically present. *Id.*, p. 12. Dr. Malik similarly argues that Counts 20 and 21 are legally defective because they are based on the faulty premise that there are no circumstances under which Dr. Ali's services to patient T.A. were reimbursable by the Medicare Program. *Id.*, p.13. Dr. Malik posits that Medicare Part B generally pays for services and supplies furnished "incident to" the service of a physician. And, Malik contends, the services and supplies Dr. Ali furnished to patient T.A. were reimbursable because they were "incident to" the service of Dr. Malik. *Id.* at 15.

These arguments are more a challenge to the sufficiency of the government's evidence than a challenge to the sufficiency of the indictment. Tracking the statutory language, the indictment in this case alleges Drs. Malik and Ali are liable for healthcare fraud because they deliberately misrepresented or concealed the identity of the rendering provider knowing that the services Dr.

7

Ali provided were not reimbursable by Medicare. *Id.* ¶ 52. This Court would have to engage in fact-finding to determine whether the services provided by Dr. Ali were reimbursable either because Dr. Ali was allowed to render them under the governing regulations or because they were properly billed as "incident to" Dr. Malik's services. The Eighth Circuit has held that, so long as the indictment is otherwise sufficient, "federal criminal procedure does not allow for pre-trial determination of the sufficiency of the evidence." *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (quoting *United States v. Critzer*, 951 F.2d 306, 307–08 (11th Cir.1992)). In so holding, the Eighth Circuit has recognized that, in criminal cases, "there is no corollary" to the summary judgment procedures contemplated by the Federal Rules of Civil Procedure. *Ferro,* 252 F.3d at 968. The Eighth Circuit has also recognized that the "government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to [Rule 29]." *Id.* The Eighth Circuit has disapproved "dismissal of an indictment on the basis of predictions as to what the trial evidence will be." *Id.*

In sum, the indictment is sufficient with respect to Counts 2 and 15 through 21. It makes clear the offenses charged and sufficiently sets forth the underlying transactions which form the basis of the charged offenses of conspiracy to commit health care fraud in violation of 18 U.S.C. §1347 and false statements in violation of 18 U.S.C. §1035. Dr. Malik's arguments urging dismissal of these counts are tantamount to an attack on the sufficiency of the government's evidence and do not serve as a basis for dismissal of the indictment.

**II.     MOTION TO COMPEL *BRADY* MATERIAL (ECF NO. 53)**

Dr. Malik has moved for an order compelling the United States to produce interview reports of patients identified in Counts 3 through 14 of the indictment who were allegedly administered ketamine or esketamine by Dr. Ali. Dr. Malik contends the interview reports are material and

exculpatory and, therefore, subject to obligatory disclosure under *Brady.* In making this argument, Dr. Malik argues that *Brady* requires disclosure of the full interview reports because the United States has produced a few snippets from the reports which reflect that ketamine and esketamine were dispensed for a legitimate medical purpose.

The government, generally, is constitutionally required to disclose evidence that is both favorable to an accused and material either to guilt or punishment, regardless of the good faith or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *See also United States v. Baez,* 983 F.3d 1029, 1044 (8th Cir. 2020) (under *Brady,* "[t]he government has an obligation to disclose evidence that is favorable to the accused and material to either guilt or punishment."). However, the Government is not required by the Constitution to make all the evidence in its file available to the defendant. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). *Brady* does not constitute a discovery rule that broadly grants a right of pretrial discovery to a defendant. *See United States v. Bagley,* 473 U.S. 667, 675 n.7 (1985) (noting that "[a]n interpretation of *Brady* to create a broad, constitutionally required right of discovery would entirely alter the character and balance of our present system of criminal justice."); *see also United States v. Spencer,* 753 F.3d 746, 748 (8th Cir. 2014) (recognizing that *Brady* does not require pretrial disclosure of favorable, exculpatory and impeaching information). Rather, the *Brady* rule is a "self-executing constitutional rule that due process requires disclosure by the prosecution of evidence favorable to the accused that is material to guilt or punishment." *United States v. Garrett,* 238 F.3d 293, 302 (5th Cir. 2000)(Fish, J., concurring). Evidence is material only if a reasonable probability exists that, had the prosecution disclosed the evidence to the defense, the outcome of the proceeding would have been different. *United States v. Whitehead*, 176 F.3d 1030, 1036 (8th Cir. 1999). Although pretrial disclosure is not required, under *Brady*, due process is satisfied only if the information is furnished before it is

too late for the defendant to effectively use it at trial. *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005).

Dr. Malik's motion to compel Brady material appears to be moot for a couple of reasons. First, it seeks disclosures related to drug trafficking offenses alleged in Counts 3 through 14 of the indictment—counts this Court has already recommended be dismissed for failure to state an offense. It also appears from the record made at the hearing that the United States has already disclosed all categories of information requested in the motion. Although the government disputed the materiality and relevance of evidence that there were legitimate medical reasons to dispense ketamine and/or esketamine to Dr. Malik's patients, based on representations made at the hearing, it appears that the government has already disclosed information related to the legitimate medical purpose issue including summaries from interviews of patients and office staff pertaining to treatment received by patients. ECF No. 85, p. 70-71.

Although the undersigned finds that Dr. Malik's Motion To Compel *Brady* Material is moot for the reasons stated above, if Judge Autrey ultimately allows the drug trafficking counts to proceed to trial and determines that the United States must prove Dr. Malik distributed ketamine and esketamine with no legitimate medical purpose, the United States would be well advised to reevaluate whether any information from patient interviews it has withheld constitutes *Brady* material.

Accordingly,

**IT IS HEREBY RECOMMENDED**, that Defendant's Motion to Dismiss (ECF No. 55) be **DENIED**.

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Brady Material (ECF No. 53) be **DENIED** as moot.

10

The parties are advised that they have fourteen (14) days in which to file written objections to this recommendation and determination.  Failure to timely file objections may result in waiver of the right to appeal questions of fact.  *Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir. 1990).

Trial in this case will be set before the Honorable Henry E. Autrey, by separate order.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: August 16, 2024