UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CR-00010-HEA ) |
| MOHD AZFAR MALIK, M.D., | ) ) |
| Defendant. | ) ) ) |

**OBJECTIONS TO THE MEMORANDUM OPINION AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (ECF No. 86)**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Amy E. Sestric, Assistant United States Attorney for said District, and, pursuant to 28 U.S.C. § 636, objects to the Memorandum Opinion and Reports and Recommendation of the United States Magistrate Judge (ECF No. 86) (the "R&R").[1]

On January 10, 2024, a federal grand jury charged Defendant Mohd Azfar Malik, M.D. ("Dr. Malik") with, among other things, several drug trafficking counts, including a conspiracy with co-defendant Asim Ali, M.D. ("Dr. Ali") to illegally infuse ketamine into patients. Broadly speaking, the Indictment alleges that Dr. Malik allowed Dr. Ali to administer ketamine and

---

[1] The United States submits these objections to the R&R to preserve its position. Since the filing of the Indictment, additional conduct has come to light for which the United States intends to seek charges. The United States anticipates that this new conduct may implicate the same or similar issues as the ones addressed in the R&R. As the United States has advised defense counsel, the United States intends to seek a superseding indictment, including with respect to the conduct that bears on the Court's legal findings in the R&R. Accordingly, the United States anticipates that issues that are the same or similar to the ones set forth in the R&R will arise again upon the filing of a superseding indictment.

esketamine (both controlled substances) into patients using Dr. Malik's DEA registration even though, as Dr. Malik knew, Dr. Ali had no DEA registration and thus was unauthorized to dispense controlled substances.

On February 28, 2024, Dr. Malik filed his Motion to Dismiss the Drug Trafficking Counts (ECF No. 54) ("Drug Trafficking Motion"), in which he sought dismissal of all of the drug trafficking charges on the basis that the Indictment does not allege that the ketamine had no legitimate medical purpose.  On August 5, 2024, the Court issued the R&R, which recommends dismissal of the drug trafficking charges on the same basis.

The United States objects to the R&R for all of the reasons set forth in its Opposition to Dr. Malik's Motion to Dismiss the Drug Trafficking Counts (ECF No. 69).  While dispensing controlled substances for no legitimate medical purpose is *one* way in which a DEA-registered physician, like Dr. Malik, can violate the Controlled Substances Act ("CSA"), 21 U.S.C. § 801, *et seq.*, it is not the *only* way.  Rather, consistent with *United States v. Moore*, the CSA makes all "transactions outside of the legitimate distribution chain illegal." 423 U.S. 122, 135 (1975).

The CSA makes clear that a DEA-registered practitioner may "administer" a controlled substance—that is, directly apply a controlled substance to the body of a patient—but only if done by the registered practitioner "or, *in his presence*, by his authorized agent."  21 U.S.C. §§ 802(2)(2)(A), 841(a)(1) (emphasis added).  In this case, the Indictment alleges that Dr. Malik, a registered practitioner, knowingly allowed Dr. Ali, who had no DEA registration, to infuse ketamine into patients outside of Dr. Malik's presence, including during times when Dr. Malik was out of town.  Because this conduct falls plainly "outside of the legitimate distribution chain," it is illegal under the CSA, regardless of the absence or presence of any legitimate medical

2

purpose.[2]  As other courts have found, when a provider exceeds the scope of, or acts without, a valid DEA registration, there is no requirement that the Government prove a lack of legitimate medical purpose in order to sustain charges under § 841 of the CSA.  *United States v. Cheek*, 592 Fed. Appx. 179, 181-82 (4th Cir. 2014); *United States v. Jones*, 816 F.2d 1483, 1485 (10th Cir. 1987); *United States v. Blanton*, 730 F.2d 1425, 1430 (11th Cir. 1984).  For these reasons, the Government objects to the R&R and submits that the Indictment adequately states drug trafficking offenses against Dr. Malik.

    Respectfully submitted,

    SAYLER A. FLEMING
    United States Attorney

    */s/ Amy E. Sestric*
    AMY E. SESTRIC, #66219MO
    Assistant United States Attorney

---

[2] The United States does not concede that the controlled substances at issue in this case were for legitimate medical purposes.  Nor does it concede that they were dispensed in the usual course of professional practice.

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all Counsel of Record.

*/s/ Amy E. Sestric*
AMY E. SESTRIC, #66219MO
Assistant United States Attorney